UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES DAVID THUNDER,

        Plaintiff,

      v.                                       Case No. 24-cv-0806-bhl

CORLY FOD,
SHAWANO COUNTY POLICE DEPARTMENT,
JANE AND JOHN DOES,
HON. KATHERINE SLOMA,
GREGORY GIGGOT,
JON PADGHAM,
LISA STOCKBRIDGE,
BROWN COUNTY PAYEE SERVICES, and
PAULA BOOSH HUGET,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff James David Thunder, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Thunder's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYING THE FILING FEE

    Thunder has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). As required under 28 U.S.C. §1915(a)(2), Thunder has filed a certified copy of his prison trust account statement for the six-

month period immediately preceding the filing of his complaint and has been assessed and paid an initial partial filing fee of $3.95. Thunder's motion for leave to proceed without prepaying the filing fee will be granted.

SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."

2

*Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

<h2 style="text-align:center">ANALYSIS</h2>

While legible in some places, large sections of Thunder's complaint are incomprehensible, due both to Thunder's handwriting and the way in which he communicates his allegations. From the brief sections that the Court can understand, it appears that Thunder is attempting to improperly bring unrelated claims in a single case. For example, Thunder appears to allege that jail officials gassed and shot him and made him sit nearly naked in a cold cell for months, that he was unimpressed by the efforts of his defense attorney, and that he was falsely imprisoned while awaiting trial. As instructed by the Seventh Circuit Court of Appeals, under the controlling principle of Federal Rule of Civil Procedure 18(a), "[u]nrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Specifically, Rule 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternate claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Under this rule, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

Moreover, *George* reminds district courts that Rule 20 of the Federal Rules of Civil Procedure applies as much to prisoner cases as it does to any other case. *Id.* Under Rule 20, joinder of multiple defendants into one action is proper only if "any right to relief is asserted

against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20.

Thunder's complaint appears to violate Rules 18 and 20 insofar as it advances unrelated claims against his criminal defense attorney, people involved in his revocation proceedings, and Shawano County jail officials. The *George* court instructed that such "buckshot complaints" should be "rejected." 507 F.3d at 607. Therefore, if Thunder wishes to proceed, he must file an amended complaint curing the deficiencies. An amended complaint must be filed on or before **September 30, 2024**. If Thunder does not file an amended complaint by the deadline or ask for more time to do so, the Court will dismiss this case based on his failure to comply with the Federal Rules of Civil Procedure and this Court's order.

Thunder is advised that the amended complaint will replace his original complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted). If the amended complaint is received, it will become the operative complaint in this action, and the Court will screen it in accordance with 28 U.S.C. §1915A. Thunder is encouraged to write clearly and to organize his allegations chronologically to help the Court understand why he believes his constitutional rights were violated.

Further, Thunder is advised that 42 U.S.C. §1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991

(7th Cir. 1996). Moreover, the doctrine of respondeat superior (supervisory liability) does not apply to actions filed under 42 U.S.C. §1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Section 1983 does not create collective or vicarious responsibility. *Id.* Thus, with respect to any claim or claims advanced in his amended complaint, Thunder must identify the individual defendants and specify the manner in which their actions, or failure to take action, violated his constitutional rights. Finally, Thunder is reminded the judges and other government officials whose conduct is "intimately associated with the judicial phase of the criminal process" are shielded from liability by absolute immunity. *See Mays v. Johnson*, No. 20-2750, 850 F. App'x 981 (7th Cir. June 25, 2021).

**IT IS THEREFORE ORDERED** that Thunder's motion for leave to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **September 30, 2024**, Thunder may file an amended complaint curing the defects in the original complaint as described in this decision. If Thunder does not believe he can cure the defects, he does not need to take any further action.

**IT IS FURTHER ORDERED** that the Clerk's Office mail Thunder a blank prisoner amended complaint form and a copy of the guide entitled "Answers to Prisoner Litigants' Common Questions," along with this order.

**IT IS FURTHER ORDERED** that the agency having custody of Thunder shall collect from his institution trust account the $346.05 balance of the filing fee by collecting monthly payments from Thunder's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If

5

Thunder is transferred to another institution, the transferring institution shall forward a copy of this Order along with Thunder's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where Thunder is located.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Thunder is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin on September 3, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge