UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES DAVID THUNDER,

    Plaintiff,

v.                                            Case No. 24-cv-0806-bhl

CORLY FOOR,
JANE DOE CHIEF OF POLICE,
JOHN DOE JAIL ADMINISTRATOR, and
GREGORY A. PARKER,

    Defendants.

## SCREENING ORDER

Plaintiff James David Thunder, who is currently serving a state prison sentence at Columbia Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. On September 3, 2024, the Court screened the complaint and gave Thunder an opportunity to file an amended complaint, which he did on September 26, 2024. The Court will screen the amended complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE AMENDED COMPLAINT

As previously explained, the Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal

Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

ALLEGATIONS OF THE AMENDED COMPLAINT

According to Thunder, in December 2023, he was staying at a homeless shelter in Shawano County when a woman called the police because he had a scratch-off lottery ticket. Thunder asserts that he was arrested for disorderly conduct.[1] He asserts that he met with his public defender

---

[1] According to the Wisconsin Circuit Court Access website, no new charges were brought against Thunder related to his December 2023 arrest. There is a pending criminal case in Shawano County, which was filed in February 2023, and a pending case in Brown County, which was filed in May 2023. *See Wisconsin v. Thunder*, Shawano County

2

Case 2:24-cv-00806-BHL    Filed 10/01/24    Page 2 of 5    Document 14

Carly Foor, who had talked to District Attorney Gregory Parker. Foor allegedly told Thunder that Parker wanted to give Thunder more time if he appeared at his preliminary hearing. Thunder alleges that at the preliminary hearing on December 28, 2023, the Chief of Police testified that Thunder was guilty of disorderly conduct because two White ladies at the shelter looked scared. Thunder asserts that he asked to have his bail lowered, but it was "left out of reach." He further explains that he was bound over for trial. Thunder asserts that no crime was committed and that he suffered damages while in the custody of the Shawano County Jail.

## ANALYSIS

Thunder's amended complaint will be dismissed because he fails to state a claim upon which relief can be granted. First, Thunder fails to state a claim against Foor, his public defender, because a court-appointed public defender is not a state actor and therefore cannot be sued under §1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Next, District Attorney Parker is absolutely immune from suit for all actions and decisions undertaken in furtherance of his prosecutorial duties. *See Jones v. Cummings*, 998 F.3d 782, 788 (7th Cir. 2021). It is not entirely clear which of Parker's actions Thunder believes violated his constitutional rights, but he appears to assert that Parker should not have charged him with disorderly conduct. The Seventh Circuit has long emphasized that "filing and amending criminal charges against a defendant are core prosecutorial functions," *see id.*, so Thunder's decision to sue Parker was frivolous. *See Atkins v. Gilbert*, 52 F.4th 359. 361 (7th Cir. 2022) (describing claims as frivolous "acknowledges that established precedent forecloses those claims").

Thunder also fails to state a claim against the officer who arrested him. Thunder asserts that he was not doing anything wrong at the shelter when he was arrested, but per the Wisconsin

---

Case No. 2023CF0099 and *Wisconsin v. Thunder*, Brown County Case No. 2023CF0751. Both cases include charges for disorderly conduct.

Circuit Court Access website, a bench warrant had been issued for Thunder earlier in 2023 after he failed to appear for a pretrial conference on May 3, 2023 in Shawano County Case No. 2023CF0099. "Where a judge has issued a bench warrant for failure to appear, that warrant provides probable cause for the arresting officers to effectuate the arrest, so a false arrest claim against the officers would fail." *Carlyle v. Birch*, No. 17-cv-695, 2017 WL 3437328, at *3 (S.D. Ill. Aug. 10, 2017) (citing *U.S. v. Mounts*, 248 F.3d 712, 715 (7th Cir. 2001)). Further, Thunder's denial of wrongdoing without factual allegations to support that denial are insufficient under Fed. R. Civ. P. 8 to raise his claim for relief above the speculative level. *See Twombly*, 550 U.S. at 570 (holding that a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face").

Finally, Thunder does not state a claim against the Shawano County Jail Administrator. Thunder asserts only that his rights were violated while he was housed at the jail. To state a claim, a plaintiff must provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, a plaintiff must provide notice to a defendant of what he is accused of doing and the nature and extent of any damage or injury the defendant's actions or inactions allegedly caused. Thunder's conclusion that his rights were violated without factual content explaining what the jail administrator did or did not do to violate his rights fails to state a claim.

**IT IS THEREFORE ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim and as frivolous.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Milwaukee, Wisconsin on October 1, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.